IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDALL ARTHUR RADUNZ,

                Petitioner,　　　　　　　　　　　　　ORDER

    v.　　　　　　　　　　　　　　　　　　　09-cv-15-slc

DAVID H. SCHWARTZ, Director,
Wisconsin Division of Hearings and
Appeals; and STATE OF WISCONSIN,

                Respondents.

---

Petitioner Randall Radunz, an inmate at the Minnesota Correctional Facility-Faribault in Faribault, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner was convicted in the Circuit Court for Pierce County, Wisconsin on July 9, 2002 on a count of being a felon in possession of firearm in violation of Wis. Stat. § 941.29, for which he received two years' probation. On August 5, 2003, petitioner's probation was revoked after petitioner was found to have manufactured, possessed and used crack cocaine and possessed two firearms. On September 12, 2003, the Circuit Court for Pierce County sentenced him to two years in prison and three years extended supervision. The Division of Hearings and Appeals denied petitioner's appeal on August 28, 2003.

Although petitioner challenged the sentencing decision of the circuit court, he did not challenge the revocation decision in state court. Petitioner completed his sentence imposed after revocation on May 1, 2008.

Although the precise nature of petitioner's current confinement is unclear, it apparently relates to the death of a woman whom petitioner and two other men took to the hospital in May 2003. On May 15, 2003, following that incident, the Pierce County Sheriff's Department executed a search warrant for petitioner's farm and found numerous sandwich bags with the corners cut open, 18 packages of crack cocaine and various forms of ammunition. That evidence and subsequent statements that petitioner made to the police were used against him at the probation revocation hearing.

In his petition, petitioner raises several challenges relating to the probation revocation decision. From what I understand, petitioner is alleging that there was no probable cause for the search warrant for his farm; the guns were seized illegally and without a warrant; he was illegally arrested; he did not receive <u>Miranda</u> warnings and was denied his right to counsel before making his statement; members of the sheriff's office, his probation agent and the hearing officer conspired against him; there were "many due process violations" and "over fourteen clerical and factual mistakes" in the revocation hearing; and the attorney who represented him at the revocation hearing was ineffective.

Federal district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the laws or treaties of the United States." 28 U.S.C. § 2254(a). Because petitioner is no longer serving the sentence imposed after the 2003 probation revocation, he cannot bring a federal habeas action directed at that decision. Maleng v. Cook, 490 U.S. 488, 492 (1989) (petitioner must be in custody under conviction or sentence under attack at time petition filed); see also Lackwanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001) (holding same). "The Court has never held that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491. The Court has identified a narrow exception to this rule in cases where a petitioner's current sentence was enhanced by an allegedly unconstitutional prior conviction for which the sentence has fully expired. Coss, 532 U.S. at 401-02, 406 ("Whatever such a petitioner must show to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition.")

In this case, petitioner does not allege that the probation revocation decision actually had an effect on his current confinement. Further, because petitioner failed to exhaust his state remedies with respect to the revocation decision, that decision is conclusively valid and may not be used to challenge the constitutionality of his current confinement. Coss, 532 U.S. at 403 (citing Daniels v. United States, 532 U.S. 374, 382 (2001)).

3

Accordingly, because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief" in this court, I am dismissing the petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

ORDER

IT IS ORDERED that the petition of Randall Radunz for a writ of habeas corpus under § 2254 is DISMISSED WITH PREJUDICE for lack of jurisdiction.

Entered this 26th day of January, 2009.

> BY THE COURT:
>
> /s/
> _____
> BARBARA B. CRABB
> District Judge