IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDALL ARTHUR RADUNZ,

                Petitioner,                              ORDER

        v.                                                   09-cv-15-slc

DAVID H. SCHWARTZ, Director,
Wisconsin Division of Hearings and
Appeals; and STATE OF WISCONSIN,

                Respondents.

---

On January 26, 2009, this court dismissed petitioner Randall Radunz's petition for a writ of habeas corpus under 28 U.S.C. § 2254 for lack of jurisdiction because he is no longer in custody as a result of the 2003 probation revocation that he challenges in the petition. Dkt. #3 (citing Maleng v. Cook, 490 U.S. 488, 492 (1989) (petitioner must be in custody under conviction or sentence under attack at time petition filed)). Before the court is what I am construing to be petitioner's motion to alter or amend that decision under Fed. R. Civ. P. 59(e). Dkt. #4. Petitioner now asserts that he is subject to the narrow exception that the Supreme Court has identified to this rule in cases where a petitioner's current sentence was enhanced by an allegedly unconstitutional prior conviction for which the sentence has fully expired. Lackwanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001) ("Whatever such a petitioner must show to be eligible for review, the

challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition.") He also points out a clerical error in the court's prior decision: page four of the opinion notes that the petition will be dismissed <u>without</u> prejudice but the text of the order states that the petition is dismissed <u>with</u> prejudice. Petitioner's motion will be denied to the extent that he has failed to establish that he meets an exception to the rule set forth in <u>Maleng</u>.

As discussed in the dismissal order, petitioner raised several challenges in the petition relating to the August 5, 2003 revocation of his probation, for which the Circuit Court for Pierce County, Wisconsin sentenced him to two years in prison and three years' extended supervision. On August 1, 2005, petitioner was convicted of second degree manslaughter in the state of Minnesota. Dkt. #4, Exh. #1 at 2. He asserts that the probation revocation affected his Minnesota sentence by adding an additional custody point and allowing Minnesota to impose a consecutive sentence. Without reaching the merits of his argument, I find that petitioner may not use the revocation decision to challenge the constitutionality of his current confinement. As explained in the court's previous order, petitioner failed to exhaust his state remedies with respect to the revocation decision. As a result, that decision is conclusively valid and may not be used to challenge the constitutionality of his current confinement. <u>Coss</u>, 532 U.S. at 403 (citing <u>Daniels v. United States</u>, 532 U.S. 374, 382

(2001)).  Accordingly, petitioner has not shown that the court erred in dismissing his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  However, I will amend the order to reflect that the petition is dismissed with prejudice.

ORDER

IT IS ORDERED that the petitioner Randall Radunz's Rule 59(e) motion is DENIED IN PART and GRANTED IN PART.  The order entered on Janaury 26, 2009, dkt. #3, is amended only to the extent that it should state that the petition is DISMISSED WITH PREJUDICE.

Entered this 12th day of February, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3